# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock St.<br>Denver, CO 80202 | |
| **SHANE FIGUEROA, JENNIFER SMITH, AND HUNTER THOREN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,**<br><br>PLAINTIFFS<br><br>v.<br><br>**HOTELENGINE, INC. D/B/A ENGINE**<br><br>Defendant. | DATE FILED<br>April 16, 2025 4:40 PM<br>FILING ID: EFCE94396AB55<br>CASE NUMBER: 2025CV31376<br><br><br>▲ COURT USE ONLY ▲ |
| Attorneys for PLAINTIFFS FIGUEROA, SMITH, and THOREN:<br><br>Mary Jo Lowrey, #40411<br>Lowrey Parady Lebsack, LLC<br>1490 Lafayette Street, Suite 304<br>Denver, CO 80218<br>Phone: (303) 593-2595<br>Fax: (303) 502-9119<br>maryjo@lowrey-parady.com | Case Number:<br><br>Div.:         Ctrm.: |
| **COMPLAINT AND JURY DEMAND** | |

SHANE FIGUEROA, JENNIFER SMITH, and HUNTER THOREN ("PLAINTIFFS"), on behalf of themselves and all others similarly situated, by and through their attorneys, Outten & Golden LLP and Lowrey Parady Lebsack, LLC, complaining of the conduct of DEFENDANT HOTELENGINE, INC. D/B/A ENGINE ("ENGINE"), upon personal knowledge as to themselves and information and belief as to other matters, allege as follows:

## INTRODUCTION

1. This lawsuit seeks to recover unpaid overtime compensation and other damages for PLAINTIFFS and similarly situated individuals who work or have worked for ENGINE as exempt-classified Account Executives, Account Managers, Sales Associates, and other similar positions, however variously titled (collectively, "Sales Employees") in Colorado.

2. ENGINE is a travel technology company offering businesses a platform to book business travel, manage reimbursements, and monitor spending in one place, and offering a marketplace where hotels, airlines, and car rental companies can gain bookings from customers. ENGINE takes a percentage of each booking as its "fee" for use of its platform.

3. ENGINE is headquartered in Denver, Colorado.

4. ENGINE employs Sales Employees, such as PLAINTIFFS, to sell its booking platform to business clients and its marketplace to hotel, airline, and car rental company clients.

5. ENGINE requires its Sales Employees to meet productivity metrics, such as daily and monthly quotas, and to meet revenue goals. PLAINTIFFS and similarly situated employees work long hours, often in excess of 40 hours per workweek and/or 12 hours per day, in order to complete required tasks, meet metrics, and earn commissions.

6. While employed by ENGINE, PLAINTIFFS consistently worked more than 40 hours per workweek and/or 12 hours per day without receiving overtime compensation.

7. During the relevant period, it has been ENGINE's policy to uniformly classify Sales Employees, including PLAINTIFFS, as exempt from overtime provisions and not to pay Sales Employees overtime wages.

8. The primary duties of Sales Employees are non-exempt. These primary duties do not vary significantly from one Sales Employee to another.

9. The primary duties of Sales Employees do not fall under any overtime exemption.

10. Sales Employees have worked overtime hours and are entitled to overtime compensation for all overtime hours worked.

11. Throughout the relevant period, it was ENGINE's policy to deprive PLAINTIFFS and other Sales Employees of overtime wages in violation of the Colorado Wage Claim Act, Colorado Minimum Wage Act, the Colorado Overtime and Minimum Pay Standards Order ("COMPS") and predecessor Minimum Wage Orders, the Colorado civil theft law, and the Denver Minimum Wage Ordinance ("Colorado Wage Laws").

12. PLAINTIFFS bring this action to recover unpaid overtime compensation and other damages for themselves and similarly situated Sales Employees employed by ENGINE in Colorado as a class action pursuant to Rule 23 of the Colorado Rules of Civil Procedure to remedy violations of the Colorado Wage Laws.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over PLAINTIFFS' claims pursuant to Colorado Constitution Article VI, § 9, and C.R.S. § 13-1-124(1)(a) and (b).

2

14. This Court has jurisdiction over Defendant ENGINE because it transacts business in the state of Colorado.

15. Venue is proper pursuant to C.R.C.P. 98(c)(1) because ENGINE's headquarters are located in the City and County of Denver.

## **THE PARTIES**

*Plaintiff Shane Figueroa*

16. Plaintiff FIGUEROA is an adult resident of Lakewood, Colorado.

17. From approximately February 2020 to approximately May 2024, Plaintiff worked for ENGINE in Colorado, remotely and from its Denver office, as an Account Executive.

18. At all times relevant to the Complaint, Plaintiff FIGUEROA was an "employee" within the meaning of all applicable statutes, including under CWCA, § 8-4-101(5); COMPS Order, 7 C.C.R. 1103-1; and CMWA § 8-6-118.

19. At all times relevant to the Complaint, Plaintiff FIGUEROA was a "worker" within the meaning of DMWO, D.R.M.C., Ch. 58, Art. I, Sec. 58-1(11).

20. Plaintiff FIGUEROA regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40 in a workweek. Illustratively, to the best of his recollection, during the week of May 6, 2024, Mr. FIGUEROA worked approximately 12 to 15 overtime hours without overtime compensation.

*Plaintiff Jennifer Smith*

21. Plaintiff SMITH is an adult resident of Aurora, Colorado.

22. From approximately May 2022 to approximately February 2023, Plaintiff SMITH worked for ENGINE in Colorado, remotely and from its Denver office, as an Account Manager.

23. At all times relevant to the Complaint, Plaintiff SMITH was an "employee" within the meaning of all applicable statutes, including under CWCA, § 8-4-101(5); COMPS Order, 7 C.C.R. 1103-1; and CMWA § 8-6-118.

24. At all times relevant to the Complaint, Plaintiff SMITH was a "worker" within the meaning of DMWO, D.R.M.C., Ch. 58, Art. I, Sec. 58-1(11).

25. Plaintiff SMITH regularly worked more than 40 hours in a workweek but was not paid for all hours she worked over 40 in a workweek. Illustratively, to the best of her recollection, during the week September 26, 2022, Ms. SMITH worked approximately 10 to 15 overtime hours without overtime compensation.

*Plaintiff Hunter Thoren*

26. Plaintiff THOREN is an adult resident of Morrison, Colorado.

27. From approximately June 2023 to approximately June 2024, Plaintiff THOREN worked for ENGINE in Colorado, remotely and from its Denver office, as an Account Executive.

28. At all times relevant to the Complaint, Plaintiff THOREN was an "employee" within the meaning of all applicable statutes, including under CWCA, § 8-4-101(5); COMPS Order, 7 C.C.R. 1103-1; and CMWA § 8-6-118.

29. At all times relevant to the Complaint, Plaintiff THOREN was a "worker" within the meaning of DMWO, D.R.M.C., Ch. 58, Art. I, Sec. 58-1(11).

30. Plaintiff THOREN regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40 in a workweek. Illustratively, to the best of his recollection, during the week February 12, 2024, Mr. THOREN worked approximately 10 to 20 overtime hours without overtime compensation.

*Defendant ENGINE*

31. ENGINE is a single company with its principal place of business at 1601 Wewatta St., STE 250, Denver, Colorado 80202.

32. Upon information and belief, ENGINE is a corporation formed under the laws of the State of Delaware, with its principal place of business in Denver, Colorado.

33. Upon information and belief, ENGINE has maintained control, oversight, and direction over its operations and employment practices.

34. At all times relevant to this Complaint, ENGINE was PLAINTIFFS' and other Sales Employees' employer within the meaning of all applicable statutes, including under CWCA, § 8-4-101(5); COMPS Order, 7 C.C.R. 1103-1; and CMWA § 8-6-118.

35. At all times relevant to the Complaint, PLAINTIFFS and other Sales Employees were "workers" within the meaning of DMWO, D.R.M.C., Ch. 58, Art. I, Sec. 58-1(11).

36. At all times relevant to this Complaint, ENGINE maintained control, oversight, and direction over PLAINTIFFS and other Sales Employees, including timekeeping, payroll and other employment practices that applied to them.

37. ENGINE has applied the same employment policies, practices, and procedures to all Sales Employees, including policies, practices, and procedures with respect to the payment of overtime compensation.

38. Upon information and belief, ENGINE has received $140 million in Series C funding and has a valuation of approximately $2.1 billion.

## CLASS ACTION ALLEGATIONS

39. PLAINTIFFS bring the Causes of Action in this Complaint pursuant to Colorado Rule of Civil Procedure 23 on behalf of themselves and all similarly situated Sales Employees employed by ENGINE in Colorado for the period starting three years prior to the filing of this Complaint and continuing through the date of judgment in this action (the "Class").

40. Excluded from the Class are ENGINE's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the relevant period has had, a controlling interest in ENGINE, and the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family.

41. To the extent this Complaint is construed as a demand for payment under C.R.S. 8-4-109(3)(b), it is a demand for payment to the entire Class.

42. The members of the Class are so numerous that joinder of all members is impracticable.

43. Upon information and belief, the size of the Class is at least 100 individuals.

44. PLAINTIFFS' Causes of Action are properly maintainable as a class action. Common questions of law and fact exist as to the members of the Class that predominate over any questions affecting only them individually and include, but are not limited to, the following:

   a. whether ENGINE improperly classified Sales Employees as exempt employees;
   b. whether ENGINE failed to pay proper compensation to the Class for all work hours in excess of 40 per workweek and for all work hours in excess of 12 per day;
   c. whether ENGINE failed to maintain proper records of the hours worked by the Class;
   d. whether ENGINE failed to pay proper and timely compensation to the Class for all hours worked upon separation; and
   e. the nature and extent of the Class-wide injury and the appropriate measure of damages sustained by the Class.

45. PLAINTIFFS are members of the Class and their claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

46. PLAINTIFFS will fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. PLAINTIFFS understand that as class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately. PLAINTIFFS recognize that as class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests. PLAINTIFFS understand that in decisions regarding the conduct of the litigation and its possible settlement,

5

they must not favor their own interests over the interests of the Class.  PLAINTIFFS recognize that any resolution of a class action must be in the best interest of the class.  PLAINTIFFS understand that in order to provide adequate representation, they must be informed of developments in the litigation, cooperate with class counsel, and testify at deposition and/or trial.  There is no conflict between PLAINTIFFS and the Class members.

47. PLAINTIFFS are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

48. All the members of the Class were subject to the same corporate policies, as alleged herein.  ENGINE's company-wide policies and practices affected all members of the Class similarly.  PLAINTIFFS and other members of the Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

49. ENGINE has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

50. Class members were damaged and are entitled to recovery as a result of ENGINE's violations of the Colorado Wage Laws as well as ENGINE's common and uniform policies, practices, and procedures.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members may lack the financial resources to vigorously prosecute an individual lawsuit against corporate defendants.

52. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Class members lack the financial resources to conduct a thorough examination of ENGINE's compensation policies and practices, and to vigorously prosecute claims against ENGINE to recover such damages.

53. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent or varying judgments about ENGINE's practices, which could establish incompatible standards of conduct for ENGINE as the party opposing the Class.

54. Because all Class Members were subject to the same corporate policies as alleged herein, there is little individual interest in controlling the action and, because much of the evidence will be common evidence obtainable from ENGINE's records, this class action will not be difficult to manage and it will benefit all Class Members to have the litigation concentrated in this forum.

## COMMON FACTUAL ALLEGATIONS

55. PLAINTIFFS and Class Members have been victims of ENGINE's common policies and practices that violated their rights under the Colorado Wage Laws by requiring Sales Employees to work in excess of 40 hours per week without overtime compensation and by requiring Sales Employees to work in excess of 12 hours per day without overtime compensation.

56. ENGINE employs Sales Employees to sell access to its platform to hotels, airlines, and rental car companies and to sell use of its booking management platform to businesses for use in booking business travel.

57. Under the Colorado Wage Laws, an employee is eligible for overtime compensation unless an exemption applies.

58. The primary duties of PLAINTIFFS and Sales Employees do not fall under any of the exemptions under the Colorado Wage Laws.

59. Sales Employees perform sales-related work as their primary duty. Sales Employees' duties include identifying qualifying leads, booking sales calls, closing sales, onboarding clients, and retaining and increasing existing business.

60. Sales Employees do not and did not regularly and recurringly meet customers in person but rather spent and spend virtually all of their time performing sales work via internet research and phone and email communications.

61. PLAINTIFFS and Sales Employees are and were eligible to earn commissions and incentive pay based on various performance indicators.

62. Commissions and incentive pay do not and did not regularly constitute more than three quarters of PLAINTIFFS' and other Sales Employees' earnings.

63. Throughout their employment, PLAINTIFFS and Class Members consistently worked more than 40 hours per week and/or more than 12 hours per day.

64. Upon information and belief, ENGINE knew or should have known that overtime work was necessary for Sales Employees to meet its job expectations, and yet it failed to pay overtime for such work.

65. ENGINE set sales quotas and productivity metrics for Sales Employees to meet.

66. ENGINE fostered a competitive environment, encouraging its Sales Employees to work long hours to hit sales metrics and earn commissions and incentive pay.

7

67. ENGINE is permeated by a "Hustle" and "Grow or Die" culture. The Chief Executive Officer and Founder describes it as "intense[.]"[1]

68. ENGINE frequently changed PLAINTIFFS' and other Sales Employees' commission and incentive pay structures and increased PLAINTIFFS' and other Sales Employees' quotas which further encouraged Sales Employees to work more to exceed their quotas and ensure that they would satisfy any change in the pay structure.

69. ENGINE displayed the top performing Sales Employees on an internal dashboard and encouraged all Sales Employees to strive to become the top performer.

70. PLAINTIFFS and Sales Employees worked and work overtime hours to meet ENGINE's job requirements, communicate with customers and potential customers, and meet the sales quotas and productivity metrics set by ENGINE.

71. All of the work performed by Class Members was assigned by ENGINE, and ENGINE was aware that PLAINTIFFS and Class Members worked more than 40 hours per workweek and/or more than 12 hours a day, yet ENGINE failed to pay them any overtime compensation.

72. ENGINE tracked numerous aspects of Sales Employees' sales "activity" (i.e., calls, emails, and sales meetings booked), and yet ENGINE did not keep accurate record of hours worked by PLAINTIFFS and Class Members.

73. Upon information and belief, ENGINE has and had a policy and pattern or practice of requiring PLAINTIFFS and Class Members to work in excess of 40 hours per workweek and/or 12 hours per day, without overtime compensation.

74. ENGINE failed to pay PLAINTIFFS and failed and fails to pay Class Members time and one-half for all hours worked over 40 in a workweek and/or 12 hours in a day in violation of the Colorado Wage Laws.

75. As part of its regular business practice, ENGINE has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the Colorado Wage Laws.

76. ENGINE's policy and pattern or practice includes but is not limited to:

   a. Willfully misclassifying PLAINTIFFS and Class Members as exempt from the protections of federal and state overtime laws;
   b. Willfully failing to record all of the time that its employees, including PLAINTIFFS and Class Members, worked for the benefit of ENGINE;
   c. Willfully failing to keep payroll records as required by the Colorado Wage Laws; and

---

[1] "From our Founder and CEO" video at https://engine.com/culture (last visited March 11, 2025).

8

    d.  Willfully failing to pay its employees, including PLAINTIFFS and Class Members, overtime wages for all of the overtime hours that they worked.

77. ENGINE was or should have been aware that that federal and state wage and hour laws required ENGINE to pay its Sales Employees overtime compensation for all hours worked in excess of 40 per week and for all hours worked in excess of 12 per day.

78. Upon information and belief, given ENGINE's high ($2.1 billion) valuation, it had, or should have had, adequate resources to ensure that it was complying with applicable wage and hour laws, such as the requirement to pay overtime to employees unless a specific overtime exemption applies.

79. ENGINE was aware that PLAINTIFFS and other Sales Employees performed their duties "inside" – that is, from its office or their homes, based on the work ENGINE assigned to Sales Employees.

80. Upon information and belief, ENGINE was aware, or should have been aware, that Sales Employees' duties do not fall within any overtime exemption under the Colorado Wage Laws.

81. Upon information and belief, ENGINE was aware, or should have been aware, that it had to keep full and accurate records of the time Sale Representatives worked, but it failed to do so.

82. Upon information and belief, ENGINE failed to keep full and accurate records in order to mitigate liability for its wage and hour violations.

83. ENGINE knew or should have known that the nonpayment of overtime pay would financially injure PLAINTIFFS and other Sales Employees.

84. ENGINE's failure to pay PLAINTIFFS and Class Members overtime wages for their work in excess of 40 hours per week and/or in excess of 12 hours per day was willful, intentional, and in bad faith. ENGINE did not ensure that its compensation practices with respect to PLAINTIFFS and other Sales Employees complied with federal or state law.

## FIRST CAUSE OF ACTION
**Colorado Wage Claim Act**
**C.R.S. §§ 8-4-101,** *et seq.*
**(Brought by PLAINTIFFS on Behalf of the Class)**

85. PLAINTIFFS reallege and incorporate by reference all allegations in all preceding paragraphs.

86. At all material times, ENGINE has been an "employer" within the meaning of the Colorado Wage Claim Act.

87. At all material times, ENGINE employed, and continues to employ, "employees," including PLAINTIFFS and the Class, within the meaning of the Colorado Wage Claim Act.

88. Colorado law requires employers, such as ENGINE, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek and/or all hours worked over 12 per day.

89. PLAINTIFFS and Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

90. At all relevant times, PLAINTIFFS and Class Members worked in excess of 40 hours in a workweek and/or in excess of 12 hours in a day.

91. At all relevant times, ENGINE failed and refused to pay PLAINTIFFS and Class Members overtime compensation for all of their overtime hours worked.

92. ENGINE failed to provide PLAINTIFFS and Class Members with all earned, vested and determinable wages or compensation as recited above. C.R.S. § 8-4-109.

93. ENGINE's failure or refusal to pay PLAINTIFFS and Class Members wages or compensation was willful.

94. As a direct and proximate result of ENGINE's unlawful conduct, as set forth herein, PLAINTIFFS and Class Members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of ENGINE in an amount to be established at trial, statutory penalties, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law. C.R.S. § 8-4-109(3)(b); C.R.S. § 8-4-110.

**SECOND CAUSE OF ACTION**
**Colorado Minimum Wage Act**
**C.R.S. §§ 8-6-101, *et seq.***
**(Brought by PLAINTIFFS on Behalf of the Class)**

95. PLAINTIFFS reallege and incorporate by reference all allegations in all preceding paragraphs.

96. At all relevant times, ENGINE has been an "employer" within the meaning of the Colorado Minimum Wage Act.

97. At all relevant times, ENGINE employed, and continues to employ, "employees," including PLAINTIFFS and the Class withing the meaning of the Colorado Minimum Wage Act.

98. Colorado law requires employers, such as ENGINE, to pay employees for all hours worked, including all hours worked over 40 per workweek and/or all hours worked over 12 per day.

99. At all relevant times, PLAINTIFFS and Class Members worked in excess of 40 hours in a workweek and/or in excess of 12 hours in a day.

100. At all relevant times, ENGINE classified PLAINTIFFS and Class Members as exempt employees and failed to pay them for hours worked in excess of 40 per workweek or 12 per day.

101. ENGINE committed these violations knowingly and with reckless disregard of applicable law, as ENGINE knew it was requiring its employees to perform work in excess of 40 hours per week and/or in excess of 12 hours per day and that the duties of the Sales Employees did not meet the criteria of any overtime exemption.

102. As a direct and proximate result of ENGINE's unlawful conduct, as set forth herein, PLAINTIFFS and Class Members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of ENGINE in an amount to be established at trial, penalties, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## THIRD CAUSE OF ACTION
### Denver Minimum Wage Ordinance
### D.R.M.C., CH 58, Art. II, Sec. 58-1 *et seq.*
### (Brought by PLAINTIFFS on Behalf of the Class)

103. PLAINTIFFS reallege and incorporate by reference all allegations in all preceding paragraphs.

104. At all relevant times, ENGINE has employed PLAINTIFFS and Class Members as that term is defined by the Denver Minimum Wage Ordinance because it suffered or permitted her to work. D.R.M.C. Ch. 58, Art. I, Sec. 58-1(5).

105. The Denver Minimum Wage Ordinance requires employers, such as ENGINE, to pay employees for all hours worked, including all hours worked over 40 per workweek.

106. At all relevant times, PLAINTIFFS and Class Members worked in excess of 40 hours in a workweek.

107. At all relevant times, ENGINE classified PLAINTIFFS and Class Members as exempt employees and failed to pay them for hours worked in excess of 40 per workweek.

108. As a direct and proximate result of ENGINE's unlawful conduct, as set forth herein, PLAINTIFFS and Class Members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of ENGINE in an amount to be established at trial plus interest at a rate of 12 percent per annum from the date such wages were first due, an additional sum as a penalty in the amount of $100 for each day that the violation occurred or continued, and liquidated damages in an amount equal to three times the amount of unpaid minimum wages and unpaid overtime, and an award of reasonable attorney fees and costs.

## FOURTH CAUSE OF ACTION
### COMPS Order
### 7 C.C.R. 1103-1
### (Brought by PLAINTIFFS on Behalf of the Class)

109. PLAINTIFFS reallege and incorporate by reference all allegations in all preceding paragraphs.

110. ENGINE employed PLAINTIFFS and Class Members in an industry regulated by the COMPS Order applicable in each year during the relevant period for this action. 7 C.C.R. 1103-1 ¶ 2.1.

111. The COMPS Order applicable in each year during the relevant period of this action requires employers, such as ENGINE, to pay employees for all hours worked, including all hours worked over 40 per workweek and/or all hours worked over 12 per day.

112. At all relevant times, PLAINTIFFS and Class Members worked in excess of 40 hours in a workweek and/or in excess of 12 hours in a day.

113. At all relevant times, ENGINE classified PLAINTIFFS and Class Members as exempt employees and failed to pay them for hours worked in excess of 40 per workweek or 12 per day, in violation of the COMPS Order applicable in each year during the relevant period of this action.

114. As a direct and proximate result of ENGINE's unlawful conduct, as set forth herein, PLAINTIFFS and Class Members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of ENGINE in an amount to be established at trial, and costs and attorneys' fees, pursuant to the COMPS Order applicable in each year during the relevant period of this action.

## FIFTH CAUSE OF ACTION
### Civil Theft
### C.R.S. § 18-4-401, *et seq.*
### (Brought by PLAINTIFFS on Behalf of the Class)

115. PLAINTIFFS reallege and incorporate by reference all allegations in all preceding paragraphs.

116. At all relevant times, ENGINE has been an "employer" within the meaning of the Colorado Minimum Wage Act.

117. At all relevant times, ENGINE employed, and continues to employ, "employees," including PLAINTIFFS and the Class withing the meaning of the Colorado Minimum Wage Act.

118. Colorado law requires employers, such as ENGINE, to pay employees for all hours worked, including all hours worked over 40 per workweek and/or all hours worked over 12 per day.

119. At all relevant times, PLAINTIFFS and Class Members worked in excess of 40 hours in a workweek and/or in excess of 12 hours in a day.

120. At all relevant times, ENGINE classified PLAINTIFFS and Class Members as exempt employees and failed to pay them for hours worked in excess of 40 per workweek or 12 per day.

121. ENGINE's intentional failure to pay minimum wage under the Colorado Minimum Wage Act constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

122. As a result, ENGINE's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

123. As a direct and proximate result of ENGINE's unlawful conduct, as set forth herein, PLAINTIFFS and Class Members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of ENGINE in an amount to be established at trial, treble damages as penalties, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## **DEMAND FOR JUDGMENT**

124. **WHEREFORE**, PLAINTIFFS, on behalf of the Class, demand judgment in their favor and against ENGINE for:

A. Certification of this action as class action on behalf of the Class;
B. Designation of PLAINTIFFS as the Representatives of the Class they seek to represent;
C. Designation of PLAINTIFFS' counsel of record as Class Counsel for the Class;
D. An award of damages and liquidated damages to be paid by ENGINE, according to proof;
E. Statutory penalties to be paid by ENGINE according to proof;
F. Liquidated damages;
G. Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining ENGINE from continuing its unlawful practices and/or a declaration that ENGINE's acts violate the law;
H. Reasonable service awards to compensate PLAINTIFFS for the time that they spent and will spend attempting to recover wages for the Class and for the risks they took in doing so;
I. Costs of the action incurred herein;
J. Reasonable attorneys' fees, including fees pursuant to C.R.S. § 8-4-110;
K. Prejudgment and post-judgment interest as provided by law; and
L. Such other relief the Court may deem just and proper.

13

**JURY DEMAND**

PLAINTIFFS demand a trial by jury on all issues so triable.

**Dated:** April 16, 2025            Respectfully submitted,

/s/ *Mary Jo Lowrey*
Mary Jo Lowrey
**LOWREY PARADY LEBSACK, LLC**
1490 Lafayette Street, Suite 304
Denver, CO 80218
Phone: (303) 593-2595
Fax: (303) 502-9119
maryjo@lowrey-parady.com

Melissa L. Stewart*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Phone: (212) 245-1000
Fax:    (646) 509-2060
mstewart@outtengolden.com


Adam Koshkin*
Kaelyn Mahar*
**OUTTEN & GOLDEN LLP**
One California, 12th Floor
San Francisco, CA 94111
Phone: (202) 929-0640
Fax:    (202) 847-4410
akoshkin@outtengolden.com
kmahar@outtengolden.com

*Application for admission Pro Hac Vice forthcoming

*Attorneys for PLAINTIFFS and
the Putative Class*

*Pursuant to C.R.C.P. 121, § 1-26, a printed or printable copy of this document with original, electronic, or scanned signatures shall be maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

14

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED<br>April 16, 2025 4:40 PM<br>FILING ID: EFCE94396AB55<br>CASE NUMBER: 2025CV31376 |
| **SHANE FIGUEROA, JENNIFER SMITH, AND HUNTER THOREN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,**<br><br>PLAINTIFFS<br><br>v.<br><br>**HOTELENGINE, INC. D/B/A ENGINE**<br><br>Defendant. | <br><br>▲ COURT USE ONLY ▲ |
| Attorneys for PLAINTIFFS FIGUEROA, SMITH, and THOREN:<br><br>Mary Jo Lowrey, #40411<br>Lowrey Parady Lebsack, LLC<br>1490 Lafayette Street, Suite 304<br>Denver, CO 80218<br>Phone: (303) 593-2595<br>Fax: (303) 502-9119<br>maryjo@lowrey-parady.com | Case Number:<br><br>Div.:            Ctrm.: |
| **DISTRICT COURT (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT AND JURY DEMAND** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

☒ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☐ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

**Date: April 16, 2025**             *s/ Mary Jo Lowrey*
                                     **Mary Jo Lowrey**
                                     **Attorney for Plaintiffs**

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock St.<br>Denver, CO 80202 | |
| **SHANE FIGUEROA, JENNIFER SMITH, AND HUNTER THOREN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,**<br><br>PLAINTIFFS<br><br>v.<br><br>**HOTELENGINE, INC. D/B/A ENGINE**<br><br>Defendant. | DATE FILED<br>April 16, 2025 4:40 PM<br>FILING ID: EFCE94396AB55<br>CASE NUMBER: 2025CV31376<br><br><br><br>▲ COURT USE ONLY ▲ |
| Attorneys for PLAINTIFFS FIGUEROA, SMITH, and THOREN:<br><br>Mary Jo Lowrey, #40411<br>Lowrey Parady Lebsack, LLC<br>1490 Lafayette Street, Suite 304<br>Denver, CO 80218<br>Phone: (303) 593-2595<br>Fax: (303) 502-9119<br>maryjo@lowrey-parady.com | Case Number:<br>Div.:          Ctrm.: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT: HOTELENGINE, INC. d/b/a ENGINE**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: <u>April 16, 2025</u>             *s/ Mary Jo Lowrey*
Mary Jo Lowrey, #40411
Lowrey Parady Lebsack, LLC
1490 Lafayette Street, Suite 304
Denver, CO 80218
(303) 593-2595
*Attorney for Plaintiffs*

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.