IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01549-RMR-NRN

SHANE FIGUEROA, JENNIFER SMITH, and HUNTER THOREN,
On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

HOTELENGINE, INC. D/B/A ENGINE,

Defendant.

---

**REPORT AND RECOMMENDATION ON DEFENDANT'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 60)**

---

**N. REID NEUREITER**
**UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant HotelEngine, Inc. d/b/a Engine's ("Engine") Partial Motion to Dismiss First Amended Complaint ("Motion to Dismiss"). ECF No. 60. Plaintiffs Shane Figueroa ("Figueroa"), Jennifer Smith ("Smith"), and Hunter Thoren ("Thoren") (collectively, "Plaintiffs") filed a response, ECF No. 64, and Engine filed a reply. ECF No. 65.

The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

In this wage-and-hour action, which was originally filed in Colorado state court and removed to federal court, Plaintiffs allege that Engine failed to pay its sales

employees overtime. *See generally* ECF No. 56.[1] They assert various claims for relief, including one by Plaintiffs Smith and Thoren for violations of the Denver Minimum Wage Ordinance ("DMWO"). *Id.* at 13–14, ¶¶ 108–13. Engine seeks to dimsiss this claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Engine argues that Plaintiffs do not plausibly allege the performance of covered work in the City and County of Denver. *See* ECF No. 60.

## II. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009). While courts must accept well-plead allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681.Therefore, so long as Plaintiffs plead sufficient factual allegations such that the right to relief crosses "the line from conceivable to plausible," they have met the threshold pleading standard. *Twombly*, 550, U.S. at 556, 570.

## III. ANALYSIS

The minimum wage provisions of the Denver Revised Municipal Code ("DRMC") "applies to all work performed within Denver's geographic boundaries . . . ." City and

---

[1] Unless otherwise stated, all factual allegations are taken from the First Amended Complaint ("FAC"), ECF No. 56, and all non-conclusory allegations are presumed true for the purposes of the pending motions to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

County of Denver Civil Wage Theft Rules 2025, 3.2(i).[2] Applicability is based on the location where work is performed. *Id.* 3.2(ii). An individual "works in Denver" if, "[i]n an established pay period . . ., they spend a substantial amount (approximately 20% or more) of their work time in Denver; or [t]hey customarily spend at least 50% of their work time in Denver." *Id.* 3.3(ii). Conversely, the DMWO does not apply to "work not performed physically within the geographic boundaries of the city," or "work performed by a worker totaling less than four (4) hours in any given week for a particular employer within the geographic boundaries of the city." DRMC Ch. 58, Art. I, § 58-15(b)(3)–(4).

According to the FAC, Smith is a resident of Aurora, Colorado, who worked as an account manager at Engine from May 2022 to February 2023. ECF No. 56 at 4, ¶¶ 20–21. Smith claims that she typically worked from Engine's "Denver office once per week from approximately October 2022 through January 2023 and on those days, [she] typically worked from the Denver office from approximately 9:00 a.m. until 6:00 p.m." *Id.* ¶ 22. To illustrate that she regularly worked more than 40 hours in a workweek but was not paid for her overtime hours, Smith alleges that, "to the best of her recollection, during the week September 26, 2022, [she] worked approximately 10 to 15 overtime hours without overtime compensation." *Id.* ¶ 25.

Thoren is a resident of Morrison, Colorado, who worked as an account executive from June 2023 to June 2025. *Id.* ¶¶ 26–27. He "typically worked from the Denver office one or two times per month during his employment," and on those days, Thoren "typically worked from the Denver office between approximately 7:30 a.m. and 7:45 a.m.

[2] https://www.denvergov.org/files/assets/public/v/2/auditor/documents/denver-labor/2025/civil-wage-theft-rules-2025.pdf (last visited Sept. 3, 2026).

until between approximately 5:00 p.m. and 5:30 p.m." *Id.* ¶ 28. "Illustratively, to the best of his recollection, during the week February 12, 2024, Mr. Thoren worked approximately 10 to 20 overtime hours without overtime compensation." *Id.* ¶ 31.

Engine argues that these allegations are inadequate to state a claim under the DMWO because they do not identify a specific week in which the alleged overtime coincided with work purportedly performed in Denver, or any hours worked in Denver during the alleged overtime week. Plaintiffs contend that Engine is attempting to apply a heightened pleading standard and note that "Plaintiffs each allege a specific workweek in which they worked overtime, to illustrate an example of their normal work schedule." ECF No. 64 at 10–11.

The problem with Plaintiffs' position is twofold. First, the DMWO is geographically limited. It applies only to work performed in Denver and excludes workweeks in which an employee performs less than four hours of work within Denver. Thus, to state a claim, Plaintiffs must allege that during a pay period in which they worked unpaid overtime hours, they performed at least four hours of work within Denver. This does not amount to a heightened pleading standard; such details are necessary elements of a claim under the ordinance. This is especially significant where, as here, it is undisputed that the majority of Plaintiffs' work was performed remotely, outside Denver.

Second, the specific workweeks that Plaintiffs include in the FAC do not allow the Court to draw the reasonable inference that Engine violated the DMWO. Smith claims that she worked 10–15 hours of unpaid overtime during the week of September 26, 2022. However, she also alleges that she started working from Engine's Denver office in October 2022, which is *after* the illustrative example. As for Thoren, he recollects that

he worked 10–20 hours of unpaid overtime during the week of February 12, 2024, but he does not allege that he worked from the Denver office that week, which he only did "one or two times per month." The Court agrees with Engine that Plaintiffs' theory of liability "depends on stacking inferences: that at least one of [Plaintiffs'] alleged overtime weeks necessarily overlapped with a week in which they worked in Denver; that they worked enough hours in Denver during that week to satisfy the statutory threshold; and that the alleged unpaid overtime falls within that qualifying week." ECF No. 65 at 2. Rule 12(b)(6) requires factual averments affirmatively linking these allegations, given the municipal ordinance with unambiguous geographical limitations at issue here.

While "Plaintiffs are not required to plead every fact that may ultimately be used to support their claims," *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2015 WL 2092435, at *7, n.8 (D. Kan. May 5, 2015), they must allege sufficient facts, coupled with the requisite elements of the claim, that show that the claim is "plausible," and not one that is merely "conceivable" or "possible" under the facts alleged, *see Iqbal*, 556 U.S. at 679. Because Smith and Thoren have not identified any particular workweek in which they each performed sufficient work in Denver and incurred unpaid overtime, they have not stated a claim under the DMWO.

## IV. RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendant HotelEngine, Inc. d/b/a Engine's Partial Motion to Dismiss First Amended Complaint, ECF No. 60, be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated: September 4, 2026
Denver, Colorado

N. Reid Neureiter
N. Reid Neureiter
United States Magistrate Judge